The next station will be 0810I2 H.R. v. Salomon North America. The next station will be 0810I2 H.R. v. Salomon North America. May it please the court, my name is John Kepler. We are from the law firm of Gough, Johnson & Newman in St. Louis, Missouri. And we represent the party of Bayshore. The reason that we're here today, I think, is the two issues primarily. The first issue is the issue of collateral estoppel. Was it properly applied? And the second issue is whether the court properly found that the defendant's products were not infringed. There's also the implied license issue, right? And the question is whether the implied license issue is part of the judgment. If you look at 8.2, this judgment was entered, it seems, to incorporate both the earlier magistrate judge's decision, approved by the district court, and the September 10 order for judgment issued by Judge Sherman. So I'm having trouble seeing why this judgment doesn't also rest on the implied license. Yes, Your Honor. If we look at the procedural background, let's talk first about the order. Okay. This order on 8.2, it seems to me, is explicit. This is the judgment entered by the court. It's explicit. It's based both on the November 6, 2006 order and on the September 10, 2007. And the earlier one was based on implied license. This is the judgment entered by the court. It specifically rests on both, right? Yes. That's what it said, especially. And there was also the Judge Hornby vacated the judgment below and re-entered the judgment. Now, one reading of the word vacated is that the judgment below is now no longer of any standing, and of course, the judgment entered by the court doesn't have any standing, but he didn't vacate the November 6 decision. He didn't. Not explicitly, no. So it's hard for me to read this judgment as doing anything other than resting on both the earlier decision in 2006 and the decision in 2007. Why? Well, I think the language that the court used in trying to sum up the rather confusing procedure below left it to . . . It said that it was vacated. It said that the judgment below was vacated. And then entered another decision that seemed to have its own life, if you will. And we took that at its word. Well, what Judge Hornby said was plainly the judgment on the counterclaim must be vacated under Federal Procedure 68. This is in 81063. And then he says the plaintiff's motion for relief from judgment from the counterclaims is granted. That's all he said about vacating. He vacated with regard to the counterclaims. And the order in the earlier judgment was based on the order of November 26. November 26 by Judge Gene Carter said the defendant's motion for summary judgment on patent infringement is hereby granted, and alternatively, the defendant's motion for summary judgment on exhaustion of implied license is hereby granted. So the question is, was that ever vacated? And it doesn't appear to be. Well, it seems to have been superseded by the language of Judge Hornby when he refers to the counterclaims. I think we have to keep in mind that implied license was not part of the pleadings. It was first raised in the motion for summary. Well, that's another question I was wondering about. It didn't seem to me that it came up either as an affirmative defense or as a counterclaim. It wasn't either of those. It was brought in by motion, wasn't it? That's correct. So how do we deal with it? So then there's a real question as to where in the judgment it sits. Is that what you're saying? Yes, sir. Why should we prefer your version of it than theirs, where it sits? Well, I think the fact that you can ask the question of where does this implied license issue come in, perhaps answers the question that there is some ambiguity. But you're arguing that the implied license decision was not authorized in November of 2006, are you? No, I'm not. All right. So if it was authorized and the 2006 decision was adopted as part of the judgment, it seems to me that it rests on implied license. Well, Your Honor, perhaps if it had simply been adopted, that would have been sufficient. However, Judge Hornby went on to list, if you will. It's not Judge Hornby that enters the judgment. It's the clerk that enters the judgment. And the judgment entered by the clerk on page 22 rests both on Judge Hornby's decision and on the earlier decision. Right? That's correct, Your Honor. Now, what about the validity issue? You say that there wasn't a formal fair opportunity to litigate. And aren't those same issues being raised in the other appeal from the validity judgment? You're referring to the briefcase, Your Honor? Yes. Yeah, the same issue. All right. Yes. So you have an opportunity in the context of that appeal to argue that the district court made an error in not allowing you to supplement the record and whatever else you're raising here, that summary judgment wasn't appropriate. All those issues that you're raising here, collaterally, are also an issue in the direct appeal from the validity judgment. That's correct, Your Honor. And if I am my opponent, if I try to argue that in the Burton case, I would say that, well, you can't. You're cut off from doing that because you've got this collateral to stop over. I'm sorry. I don't understand. Well, no, I didn't say that correctly. I'm sorry. So let's say that we prevail in the Burton case. What happens to the case in Solomon? Well, under the restatement, the judgment can be reopened if you prevail in the case that led to the collateral stopover. The Rule 60B motion allows you to set some judgment or a judgment based on collateral stopover. The basis for the collateral stopover disappears because the other judgment is reversed. Well, in that case, that's what we would do. We feel that the issue of collateral stop is an important issue here. We feel that not having been involved in the proceedings, we know about this case, much like you do, from what was filed. And we see a situation here where there were two cases filed within about nine days of each other. And looking back, I don't know why these cases weren't consolidated. Well, that would be my question. If you think this collateral stopover issue is important, why didn't you move to consolidate it here? We did. We put that in our brief. It's a relief. Brief? In this case? You mentioned it, but you never moved to consolidate it. You didn't mention there was another case. And maybe it should have been consolidated, but then you blew that off and went up. Unless I misread your brief. No, that's our error, that we weren't more forceful in that statement than you are. Because I think these cases should have been consolidated within a week of the two cases being filed in the district court. What's the status of the other thing? Is the briefings still going on? Briefing's done. There was a motion. There was a cross-appeal filed by Burton et al. in that case. And that cross-appeal, we filed a motion to dismiss it. That motion was granted. And it's another interesting issue procedurally. Because of that cross-appeal, the Burton case then gets after the Solomon case, when perhaps the better order would have been to just stay this case and decide Burton, since the Solomon case in the firal stoppage hinges from the Burton case. When is Burton going to be oriented? We do not have a date yet. I guess I wasn't sure how much, how much time you were going to take to answer that question.  How much there is between, how much communication there is between that settlement and the settlement discussions in your eyes. So I didn't know that. That was my misunderstanding. I would like to see that happen today. I would like to see mediation work. If there are no more questions, I'll step down. Thank you. May it please the court. Good morning. As the court aptly points out, there's three issues for decision here. One is respect to the waiver issues, whether or not the patent exhaustion. You agreed, don't you, that if you were to affirm this case and the Burton case were to reverse the judgment of invalidity, that at least insofar as the invalidity judgment is involved here, it can't be set aside. Correct, Your Honor. And I think procedurally for this court, there's a couple of options. One is we can wait, that this court can wait to decide this case after the Burton finding on invalidity is decided. That case is fully briefed and has not yet been set for argument, but it will be. So that would be one way that we can avoid having the judgment entered by Clarence Staple here and then having to reopen it under Rule 60. Alternatively, if this court affirms the Solomon decision on one of the other bases, either non-infringement, which was found below, or non-infringement based upon the implied license or waiver, Solomon would agree to have the Clarence Staple decision on invalidity by anticipation vacating, because that issue is going to be decided in the Burton case. That patent will either be determined to be invalid or valid in that case. So here, again, if this court decides, this panel decides to affirm- If you don't give a grant, you're not going to push the validity issue, is that what you're telling me? Correct, correct. That seems terribly fair. Thank you. Now, let's talk about the waiver issue. And I think that the court did point out that what was vacated here was not the ruling, the order that affirmed the recommended decision by the magistrate judge. That's the only findings of fact and conclusions in this case that were standing before you arguing the non-infringement issue as a whole. If that was somehow vacated, well, what are we doing here? One. And two, as was pointed out, the only thing that was vacated was the counterclaims, was to the extent that the judgment implicated the counterclaims at all, that judgment with respect to the counterclaims was vacated. Now, an issue was raised as to whether or not the issue of license was raised as affirmative defense. And what was raised as an affirmative defense in this case was released. Because what happened here, and if you look at, I think it's A1110. I don't think it was raised. I don't think they argued it was affirmative defense. They said, as the record suggests, that it brought in some motion. It was. But what I'm suggesting is the issue, although it was not cast as implied license as an affirmative defense, we cast it as released as an affirmative defense because what happened here below- Are you saying that that issue is properly before us? Yes. That it was raised as an affirmative defense. Therefore, it's before us for a decision. It's not before us for a decision because it was waived. It was still the waiver issue. But the issue that was pointed out was whether the judgment- It was waived. It was waived. Let me start over, Your Honor. And with respect to the argument that was made by opposing counsel on the amended judgment, which is in A22, stating that on all counts of the complaint, the judgment was entered only on all counts of the complaint, and that the waiver issue that was briefed and decided below was not captured in the all counts of the complaint part of that judgment, our position is it was raised as a count in the complaint because our implied license argument was raised as a release affirmative defense because that decision- That seems a little thin, but I don't see what difference it makes. We've got a decision, which was incorporated in your favor on implied license, which means that the count of complaints seeking damages of either relief or infringement is not good. And you have a decision saying that you win on that liability issue, and I just thought, what difference does it make whether it was an affirmative defense or however it was raised? I agree. I was just responding to an argument I believe I- I thought the problem was, and maybe I totally missed it, but I thought the problem was that their statement of the issues which they raised on appeal, they didn't mention the license issue, which in effect means it's not appeal. Isn't that what all that's about, or am I missing something? No, you're exactly right, Your Honor. They didn't raise it as an issue on appeal, and they didn't raise it in their opening brief on appeal, so therefore it's a way, and this court can affirm, that the district court's decision in that case can get dismissed on the issue of implied license all by itself for not raising it. Let's focus on their paragraph two, or issue number two, or the statement of the issue. I assume they don't need to necessarily argue it in their brief if they state it as an issue on appeal, but I'm not entirely sure about that either. But in their second issue, statement of the issue in their blue brief, they say, the first one is clearly collateral, the second one is, did the district court err in finding the claim made at the eighth in patent not infringed by defendant-appellee's respective parties? Could not infringed include the question barred by license? It could, Your Honor. But they didn't brief and argue the bar by license here, but clearly decisions of this court have addressed the implied license patent exhaustion as non-infringement position. So they could have, but they didn't argue and provide this court with any argument as to why the court's decision on implied license, if you want to call it a non-infringement argument, should be overturned here. So they failed to raise and argue that issue on appeal. They may have been unperceived. But the issue is before us, isn't it? Their argument may be a little thin, i.e., non-existent, but doesn't that keep the issue alive for appeal? I'm a little confused as to the depth of what the status of that issue is. Your argument is that if they don't argue, if they don't lay it out in their brief, they waive it even if they've raised it as an issue on appeal. Correct. Do you have authority to do that so far? Not directly, Your Honor, but they've provided this court absolutely no basis which they need to do in their brief as to why. What was the error below in the implied license judgment? So they haven't argued the open brief or the bar. Correct. It's void. The briefing before this court is void on the merits of whether or not if this court determines that it was technically raised as a non-infringement issue or a defense to a non-infringement defense, within this record for this court, it's completely void as to how you could reverse the district court's opinion. There's nothing at all on the merits. It would be a basis for our affirming of this report rather than saying that they waived it. You could affirm in either way. One, that it was not appropriately raised to the court, and if you determine based on the non-infringement language that it was, the record's utterly void of any argument or basis upon which this court could change that decision. That's right. Now, we also have not yet discussed the non-infringement finding below. In this case, there was a limitation in Claim 8 of the 810 patent that requires a liner, and that liner limitation had been interpreted to require that the entire liner that's claimed, and this is a liner that could be used in a boot, shoe, or in clothing, The breathability. Yeah. It needs to be breathable or permeable to water vapor, and the district court appropriately found that the claim of Spaceshop failed in the burden of production of the summary judgment at the time of summary judgment to come forward with any evidence upon which a reasonable jury could determine that the entire liner and any of the accused It's the third layer of the problem. It's the powder layer. It doesn't address the breathability of the powder layer. The layer itself, it doesn't address the breathability at all. Well, I don't think that's true. I think it does address the breathability of the first layer. Well, let's look at the evidence. There was only two. The only things that were submitted at all below on this issue was the expert report of Mr. Butterworth It's only at 378 that it talks about the inner moisture transfer layer. That's the way to go, right? Well, it isn't. That's a conclusion that's reading on claim 8, which requires an inner moisture transfer material. But if it's a transfer layer, it's breathing, right? Not necessarily. And the issue here, Your Honor, is the sufficiency of that expert statement to provide the basis for non-infringement in front of a jury. And there's absolutely... This is pure conclusion. You can look at that. It may be pure conclusion, but he does say that the inner layer is a moisture transfer layer. He does say the first layer is breathable foam. The second layer is breathable foam. You may think it's conclusion, but he does say those things. What he doesn't say, it seems to me, is that the third layer is breathable. Correct. And, as pointed out, you'll see, also he talks about that there's an adhesive vehicle that is used to attach the layers of the liner here. In claim 8, it's a liner comprising the three particular layers, but if there's other layers in between, whether it's an adhesive layer or any other type of layer, it's the liner in its entirety that needs to be breathable. And so there's no conclusion that the liner that consists of these three layers and additional layers, because it's a comprising liner, is breathable here. There's nothing in the record from which a jury could look at and say, yeah, that entire liner is breathable. It's just it's devoid, and they fail to meet the burden of production on that issue here. Thank you. Thank you. If you please, the Court, I will continue with some comments about the issue of the applied license and the vacated judgment. I know Sean is going to go in another direction with this in the remaining three minutes, but if you look at the let me propose that if the November 6, 2006, judgment was not totally vacated, then why was a new judgment entered on the complaint? The judgment was vacated. It's not what the decision was going to do. That's your problem. Judge Hornby made a reference to some confusion, and I'm not making any excuses here, but the point that I want to make is that this has been a very confusing case, particularly for people who are reading the record and not having been involved. Even Judge Hornby mentioned, I believe at one point, that there had been some, he didn't use the word mistakes, and there probably weren't mistakes, but maybe some issues that weren't properly put down on paper. I don't know how best to put that. You were not the trial judge, I take it? No, I was not. If you were the, you did prepare the brief. Yes, sir. When you prepared this brief, did you think you were raising the issue of the license specifically? And if so, why didn't you have the same issue? We did not think we were. We did not because we didn't think that it was an issue because of the way the decisions and the judgments came from court. Anything else? All right. Thank you. Thank you very much. Thank you. All rise.